NATHANIEL WOOD *v.* MICHAEL MULLEN and another.

A note dated the 29th of August, payable at six months, will be due on the 3d of March following.

Proof of demand of payment, at the place at which the note is payable, on or after its maturity, is essential to a recovery in an action on the note.

APPEAL from the District Court of the First District, *Buchanan*, J.

*T. Slidell*, for the plaintiff.

*A. Hennen*, for the appellants.

MARTIN, J.  The defendants are appellants from a judgment on their promissory note.  They resisted the claim on an allegation that the plaintiff was not the owner of the note sued upon, but that it is the property of Taylor & Brothers, against whom the defendants have a demand, which they are entitled to plead in compensation. The defendants did not establish their plea; but they contend that judgment ought to have been given against the plaintiff, because he has not complied with the pre-requisite of the law, by making a demand at the place indicated on the face of the note for its payment, on or after its maturity.  They state that the note bears date the 29th of August, 1841, and was made payable at the Phœnix Bank, six months after date.  The petition alleges no

demand except one, which was made on the second day of March following. The note being due six months after the 29th of August, was so on the 28th of February following, and did not become payable till after the expiration of the three days of grace, to wit, on the 3d of March. This mode of calculating the day of payment of a note, is according to the jurisprudence of this court, as settled in the·case of *Wagner et al.* v. *Kenner*, 2 Robinson, 120 ; and according to the same jurisprudence, a demand of payment, at the place indicated in the note, on or after its maturity, is a pre-requisite to the right of recovery.

The certificate of the judge that the record contains all the evidence is sufficient, independently of that of the clerk. We, therefore, considered it useless to inquire whether the latter can properly certify to that effect, when he has not been called upon to take down the evidence on the trial.

It is therefore ordered, that the judgment be reversed, and that ours be for the defendants, as in case of nonsuit, with costs in both courts.